Sam S. Shaulson (SS-0460)
sshaulson@morganlewis.com
Thomas A. Linthorst (TL-3345)
tlinthorst@morganlewis.com
Law Offices
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, New York 10178
(212) 309-6718 (Telephone)
(212) 309-6001 (Fax)
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SAJU VARGHESE, | : | |
| | : | **ELECTRONICALLY FILED** |
| Plaintiff, | : | |
| | : | **Docket No. 14-CV-1718-CM-KNF** |
| v. | : | |
| | : | |
| JPMORGAN CHASE & CO. and | : | |
| JPMORGAN CHASE BANK, N.A., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN
## OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................... 1

II.     PROCEDURAL HISTORY......................................................................................... 3

III.    ARGUMENT .............................................................................................................. 6

      A.      Plaintiff's Motion to Dismiss Under Rule 41(a)(2) Should Be Denied................ 6

      B.      Alternatively, This Court Should Only Grant Plaintiff's Motion To
           Dismiss With Prejudice After A Hearing And Subject To Conditions ................. 9

IV.     CONCLUSION......................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACEquip, Ltd. v. Am. Eng'g Corp.*,
219 F.R.D. 44 (D. Conn. 2003)........................................................................................10

*Ahler v. City of New York*,
No. 93-0056, 1993 WL 362404 (S.D.N.Y. Sept. 13, 1993) ...........................................11

*Barksdale v. Onondaga Cnty. Sheriff's Dep't*,
No. 97-966, 2000 WL 804643 (N.D.N.Y. June 12, 2000)................................................7

*Chopen v. Olive Vine, Inc.*,
No. 12-2269, 2014 WL 198814 (E.D.N.Y. Jan. 15, 2014) .............................................12

*Colombrito v. Kelly*,
764 F.2d 122 (2d Cir. 1985)...........................................................................................10

*Faught v. Am. Home Shield Corp.*,
660 F.3d 1289 (11th Cir. 2011) ......................................................................................12

*Greguski v. Long Island R.R. Co.*,
163 F.R.D. 221 (S.D.N.Y. 1995) ......................................................................................7

*Mitchell v. Lyons Prof'l Servs., Inc.*,
708 F.3d 463 (2d Cir. 2013)...........................................................................................12

*Newby v. Enron Corp.*,
302 F.3d 295 (5th Cir. 2002) ..........................................................................................12

*Noonan v. Cunard Steamship Co.*,
375 F.2d 69 (2d Cir. 1967)...............................................................................................7

*RMD Concessions, LLC v. Westfield Corp.*,
194 F.R.D. 241 (E.D. Va. 2000) .....................................................................................11

*Robertson v. McCloskey*,
No. 86–2877, 1988 WL 23255 (D.D.C. Mar. 4, 1988)...................................................10

*S. New England Tel. Co. v. Global Naps, Inc.*,
624 F.3d 123 (2d Cir. 2010)...........................................................................................12

*SEC v. Lorin*,
869 F. Supp. 1117 (S.D.N.Y. 1994).................................................................................6

*Semmes Motors, Inc. v. Ford Motor Co.*,
429 F.2d 1197 (2d Cir. 1970)...........................................................................................6

*Shappell v. PPL Corp.*,
No. 06-2078, 2007 WL 893910 (D.N.J. Mar. 21, 2007) ........................................11

*Soul Circus, Inc. v. Trevanna Entm't, Inc.*,
249 F.R.D. 109 (S.D.N.Y. 2008) .................................................................7, 8, 9

*Zagano v. Fordham Univ.*,
900 F.2d 12 (2d Cir. 1990) ...........................................................................7

**STATUTES**

28 U.S.C. § 1404(a) ...................................................................................4

28 U.S.C. § 1651(a) .................................................................................12

28 U.S.C. § 1927 ....................................................................................12

**RULES**

Fed. R. Civ. P. 16 ....................................................................................7

Fed. R. Civ. P. 41(a)(2) ..................................................................... passim

**OTHER AUTHORITIES**

8 JAMES WM. MOORE ET AL., *Moore's Federal Practice - Civil* § 41.40[7][b][v] (2014)..............7

8 JAMES WM. MOORE ET AL., *Moore's Federal Practice - Civil* § 41.40[10][d][ix] (2014) .........11

## I.      INTRODUCTION

The Court should deny Plaintiff Saju Varghese's request to dismiss this case under Fed. R. Civ. P. 41(a)(2) because the request is untimely in that it is filed on the eve of the close of discovery into the merits of Plaintiff's overtime claim, it unduly prejudices Defendants, and it is simply the latest in a series of tactics by Plaintiff's counsel to shop the collective action overtime allegations away from Your Honor and this Court's Orders while attempting to avoid any determination of the merits of Plaintiff's claim.

Plaintiff filed this case as a putative collective action seeking overtime on behalf of Chase Assistant Branch Managers ("ABM") and asked for and received permission to file a motion for conditional certification. However, following the conference with the Court on June 6, 2014, and the Order entered by the Court setting the discovery and briefing schedule for a merits determination, Plaintiff's counsel have engaged in a series of maneuvers to try to avoid a determination by the Court of the merits of the overtime exemptions, as part of a plan to bring the ABM collective action claims before another judge. First, Plaintiff's counsel did not file the motion for conditional certification that Plaintiff requested to file, and the Court ordered to be filed. Minute Entry dated 6/6/14. Second, Plaintiff's counsel twice attempted to file an amended complaint without leave of the Court to remove the collective action allegations. The clerk rejected both attempts due to the lack of leave of court. Dkt. Nos. 12 & 13. Third, Plaintiff's counsel filed a motion to transfer this case to the Eastern District of New York, claiming that the forum *Plaintiff and his counsel chose* had suddenly become inconvenient. Dkt. No. 16. This Court denied the request while noting that Plaintiff's counsel appeared to be judge shopping, and reaffirmed the Court's prior scheduling Order and intention to decide the question of whether Plaintiff was exempt from overtime. Minute Entry dated 6/27/14. Fourth, Plaintiff's counsel

next proposed a settlement of Plaintiff's individual claims.  Fifth, when Defendants declined to settle, Plaintiff proposed to dismiss the case *without* prejudice.  Defendants, however, refused to agree to a dismissal that would just allow Plaintiff to re-file elsewhere and nullify this Court's Order denying transfer.  Sixth, having exhausted every other effort to get away from this Court and its Orders, Plaintiff's counsel now propose to dismiss Plaintiff's claims with prejudice. Plaintiff offers no explanation for his change of heart from filing and pursuing an overtime claim as a collective action to seeking to dismiss his claim with prejudice, but the history of this case raises the concern that Plaintiff's counsel are sacrificing their client's claim to allow them to pursue the collective action claims before another judge while avoiding any determination of the merits in this case.  Plaintiff's counsel have been invited several times to deny that they intend to file class and/or collective action claims on behalf of Chase ABMs before another court or judge, including during the Court conference on June 27, 2014, and they have pointedly refused to do so.  As a result, having diligently litigated this case in accordance with the Court's Orders, Defendants face the prospect of having wasted significant resources investigating and litigating both Plaintiff's individual claims and his allegations that Chase ABMs are misclassified as exempt from overtime, only to have to re-litigate the collective action allegations because of the improper strategy by Plaintiff's counsel to choose a different judge.

At a bare minimum, the Court should hold a hearing at which Mr. Varghese appears to testify as to his reasons for changing his mind from pursuing a collective action to pursuing only an individual action, and then changing his mind again to seeking a settlement, then seek dismissal without prejudice, and now seek to dismiss his own claims with prejudice.  Such a hearing is necessary to ensure that Plaintiff's dismissal truly is knowing and voluntary, that he understands his claims will be forever barred by the dismissal, and that he is not being led to

sacrifice his claims to free Plaintiff's counsel from this case.  Moreover, in the event the Court grants Plaintiff's request to dismiss with prejudice, it should condition the dismissal upon the agreement by Plaintiff's counsel to file any subsequent class or collective action seeking overtime on behalf of Chase ABMs before Your Honor, and further provide that any such filing by Plaintiff's counsel before another court or judge will be considered a violation of the Court's previous Orders.  Fed. R. Civ. P. 41(a)(2) ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.").  Plaintiff's counsel asked for and received permission to pursue this case as a collective action and file a motion for conditional certification, but then ignored the Court's Order to file the motion on June 10th and the Court's Order for the prompt determination of the merits.  Minute Entry dated 6/6/14.  Plaintiff's counsel sought to transfer this action to another Court, but this Court denied that motion and reaffirmed the Order for the determination of the merits in this case.  Minute Entry dated 6/27/14.  To refuse to abide by the Court's Orders for the pursuit of the collective action and the resolution of the merits of this case so that they can re-file those claims before a different court or judge is a violation of this Court's Orders and a serious abuse of the judicial process.  As such, imposing these conditions is necessary to ensure that the Plaintiff's claims are not being sacrificed so that his counsel can pursue collective claims before a different judge while precluding any determination of the merits in this case.

## II.   PROCEDURAL HISTORY

Plaintiff filed this case as a putative collective action seeking overtime on behalf of Chase ABMs.  Complaint ¶¶ 36-37.  At the initial conference on June 6, 2014, after the Court stated that the first thing that needed to happen was a resolution of the issue of whether Plaintiff was exempt from overtime, Plaintiff's counsel, Mr. Stoecker, requested that Plaintiff first be

permitted to move for conditional certification.  The Court granted Plaintiff's request and issued an Order requiring such motion to be filed on June 10, 2014, with Defendants' opposition due a week later.  Minute Entry dated 6/6/14.  The Court also ordered that discovery be conducted through October 3, 2014 on the issue of whether Plaintiff qualifies for overtime under the Fair Labor Standards Act (FLSA), stated that no discovery extension would be granted, and established a schedule for Defendants' motion for summary judgment.  Minute Entry dated 6/6/14.

After the June 6th conference and the related Order, Plaintiff's counsel have engaged in one maneuver after another to prevent this Court from issuing a decision on the merits and to move the collective action claims away from Your Honor and re-file them elsewhere.  On June 10, Plaintiff's counsel failed to file the motion for conditional certification that they had requested and the Court had ordered.  Nor did they amend the complaint to join another plaintiff, Vyacheslav Digilov, as Plaintiff's counsel stated he would do at the June 6th conference. Instead, without seeking leave of the Court, Plaintiff's counsel twice attempted to file an amended complaint removing all collective action allegations, which the clerk twice rejected. Dkt. Nos. 12 & 13.  On June 12, 2014, Plaintiff's counsel sent a letter to the Court seeking leave to amend the Complaint to, *inter alia*, remove all collective action allegations, and also filed a motion to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a), arguing that the venue he and his counsel chose suddenly had become inconvenient.  Dkt No. 16.

The Court held a conference on June 27, 2014.  Defendants argued that Plaintiff's requests were part of an improper effort to shop the case away from Your Honor and avoid the Court's Orders.  Plaintiff's counsel was invited during the conference to deny that their plan is to re-file the collective action allegations before a different court or judge, and they pointedly

refused to do so.  This was consistent with written exchanges in which Defendants asked Plaintiff's counsel whether they had any plan or intention to file class and/or collective action allegations seeking overtime on behalf of Chase ABMs if those allegations were dropped in this case, and Plaintiff's counsel refused to answer, citing "work product protections."  Linthorst Decl. ¶ 2 & Ex. A.

The Court denied the Plaintiff's request to transfer during the June 27th conference, noting that it appeared that Plaintiff's counsel were engaged in judge shopping, and that even if Plaintiff's counsel filed a related collective action on behalf of another plaintiff (perhaps Mr. Digilov), this Court was likely to reach the merits of Plaintiff's overtime claim before any other Court under the scheduling order entered on June 6th.

Plaintiff's counsel next issued a settlement demand to resolve Plaintiff's individual claims for a significant sum.  Linthorst Decl. ¶ 3.  When Defendants declined to settle, Plaintiff's counsel requested that Defendants stipulate to the dismissal of Plaintiff's claims without prejudice.  Linthorst Decl. ¶ 5.  Defendants declined the stipulation because it would simply have allowed Plaintiff to bring his claim before a different court or judge in contravention of the Court's Order denying transfer.

In the meantime, on August 1, 2014, Defendants served document requests and interrogatories upon Plaintiff, and noticed his deposition for September 10, 2014.  Linthorst Decl. ¶ 4.  On September 4, 2014, after Defendants declined to agree to dismiss this case without prejudice, Plaintiff served objections to the discovery but did not produce a single document and did not provide any substantive responses to the interrogatories.  Linthorst Decl. ¶ 6.  Plaintiff's counsel have refused to confer about the Plaintiff's failure to respond to discovery, and have refused to schedule the Plaintiff's deposition, claiming that they intended to file a motion seeking

dismissal of the case.  Linthorst Decl. ¶ 7.  Defendants are addressing Plaintiff's refusal to participate in discovery before Magistrate Judge Fox.  *See* Letter from Thomas A. Linthorst to The Honorable Kevin N. Fox dated September 9, 2014.  Linthorst Decl. ¶ 8 & Ex. B.

Now, having unsuccessfully tried to rid themselves of this case at least five other ways, Plaintiff's counsel seek to dismiss the Plaintiff's claims with prejudice.

## III.   ARGUMENT

### A.   Plaintiff's Motion To Dismiss Under Rule 41(a)(2) Should Be Denied.

The attempt by Plaintiff's counsel following the June 6th conference and the related Order to drop all collective action allegations, not to add the second named plaintiff to the case as they told the Court they intended to do, the motion to transfer the case away from the forum Plaintiff chose, Plaintiff's counsels' request to settle, their proposal to dismiss without prejudice, and, when all of those efforts failed, the current motion for dismissal with prejudice, all can be attributed to the fact that Plaintiff's counsel "see a storm brewing in the first court, [and] they [are] try[ing] to weigh anchor and set sail for the hopefully more favorable waters of another district."  *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1203 (2d Cir. 1970).  As the Second Circuit indicated in *Semmes*, this sort of transparent forum and judge shopping, especially when done to get away from rulings that Plaintiff's counsel dislike, should not be permitted.  *Id.* at 1204 (observing that the district court should have been more aggressive in stopping forum shopping).  The Court should be all the more concerned by this effort because Plaintiff's counsel propose to accomplish this result by sacrificing the Plaintiff's claims.

"Under Rule 41(a)(2), [t]he essential question is whether the dismissal of the action will be unduly prejudicial to the defendants; if so, plaintiff's motion should be denied . . . This rational applies even when . . . the plaintiff seeks a dismissal *with prejudice* . . . ."  *SEC v. Lorin*, 869 F. Supp. 1117, 1119 (S.D.N.Y. 1994) (internal quotations omitted, emphasis in original).  A

court considering prejudice to defendants and whether to exercise its discretion to dismiss can consider factors such as: (1) the plaintiff's diligence in bringing the motion, (2) any "undue vexatiousness" on plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of re-litigation, and (5) the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

A plaintiff's failure to offer a persuasive reason for dismissal, coupled with attempts "to avoid a prompt resolution in a forum no longer to its liking[,]" can warrant denial of the plaintiff's motion to dismiss even where the suit has not progressed very far or there is little expense to re-litigation. *Soul Circus, Inc. v. Trevanna Entm't, Inc.*, 249 F.R.D. 109, 111 (S.D.N.Y. 2008); *see also Noonan v. Cunard Steamship Co.*, 375 F.2d 69, 71-72 (2d Cir. 1967) (vacating Rule 41(a)(2) dismissal where dismissal was sought after court ruled that plaintiff failed to timely request a jury and movant conceded she intended to file a new action and demand a jury); *Barksdale v. Onondaga Cnty. Sheriff's Dep't*, No. 97-966, 2000 WL 804643, at *4 (N.D.N.Y. June 12, 2000) (denying plaintiffs' request to dismiss action under Rule 41(a)(2) because it would nullify prior orders resulting from plaintiffs' failure to comply with discovery deadlines and prohibiting amendment of the complaint; a party should not be allowed to ignore orders "with impunity simply by resorting to a Rule 41(a)(2) dismissal to obtain a 'fresh start.'"); *Greguski v. Long Island R.R. Co.*, 163 F.R.D. 221, 224 (S.D.N.Y. 1995) (denying plaintiff's request to dismiss action pursuant to Rule 41(a)(2) because plaintiff was doing as a means to "thwart discovery deadlines imposed pursuant to Rule 16 . . . ."); 8 JAMES WM. MOORE ET AL., *Moore's Federal Practice - Civil* § 41.40[7][b][v] (2014) ("A dismissal to avoid the effect of … unfavorable but not necessarily dispositive rulings by the court may constitute legal prejudice").

In *Soul Circus*, the case "had not progressed very far" as plaintiff's counsel moved to dismiss just five days after the initial court conference, with the ostensible explanation that it felt it had achieved the "main thrust of the action." *Id.* at 110-11.  The Court, however, noted that at the initial conference it had indicated its view "that the plaintiff did not seem to be in a very strong position," and it was clear plaintiff's true goal was to avoid an adverse determination on the merits. *Id.* at 110.  Thus, although "there would be little to relitigate," the court denied dismissal due to "plaintiff's failure to offer a persuasive reason for dismissal without prejudice," "the vexatious nature of its actions" in refusing to dismiss with prejudice if it did not intend to re-file, and "its attempt to avoid a prompt resolution in a forum no longer to its liking." *Id.* at 111.

Similarly, an analysis of all relevant factors here indicates that the motion should be denied.  Plaintiff's counsel have waited until the eve of the close of discovery to bring the motion.  Plaintiff's counsel have engaged in "undue vexatiousness" by their egregious and repetitive efforts to shop for a different judge and avoid the effect of the Court's Orders.  Plaintiff has offered no reason for his request for dismissal – Plaintiff's entire motion includes just one reference to "[h]aving decided not to pursue his claim, even on an individual basis," with no explanation.  Pl's Mem. p. 1.  Although Plaintiff is now offering to dismiss his individual claims with prejudice (which was not the case in *Soul Circus*), such dismissal will not have any preclusive effect on the uncertified collective action claims, and will not spare Defendants from the prejudice of having litigated this case to date and having to re-litigate issues in another action, as it is clear that Plaintiff's counsel intend to bring the same collective action allegations in a new forum with a new named plaintiff.  Defendants have spent significant time litigating this action in compliance with the Court's Orders, including preparing to oppose Plaintiff's motion for conditional certification (which he requested to file and then did not file),

opposing Plaintiff's motion to transfer, serving discovery and required disclosures, investigating

Plaintiff's individual allegations and his allegations that Chase ABMs are misclassified as

exempt from overtime, and preparing for Plaintiff's deposition based on facts specific to

Plaintiff.  Not only would re-litigating the same collective action claims require significant

duplicative burden and expense to both the Defendants and the Court, thus prejudicing

Defendants, but the harm to the judicial process by allowing Plaintiff's counsel to choose a

different judge and blatantly evade the Court's Orders on conditional certification, discovery,

transfer, and briefing on the merits, strongly weighs against dismissal.  *See, e.g., Soul Circus*,

249 F.R.D. at 111 (denying dismissal based on "plaintiff's failure to offer a persuasive reason for

dismissal," "the vexatious nature of its actions" and "its attempt to avoid a prompt resolution in a

forum no longer to its liking").

## B. Alternatively, This Court Should Only Grant Plaintiff's Motion To Dismiss With Prejudice After A Hearing And Subject To Conditions.

If the Court were to consider a dismissal with prejudice notwithstanding the points above,

the Court should first hold a hearing at which Plaintiff Varghese appears in person to testify as to

why he has changed his position from pursuing overtime claims on a collective action basis to

pursuing an individual overtime claim to forever giving up his claims.  The Court should ensure

that he understands the implication of such dismissal for his individual claims and that he is not

being led into such a dismissal to facilitate the filing of collective action allegations elsewhere

without any determination of the merits in this case.  In addition, if this Court's prior Orders are

to have any meaning at all, Plaintiff's counsel cannot be permitted to evade them by dismissing

this case and re-filing the same ABM misclassification collective action allegations against

Chase before another judge, regardless of the identity of the named plaintiff.  Thus, the interests

of justice require that any dismissal order be conditioned upon Plaintiff's counsel's agreement

that any new class or collective action claims seeking overtime brought by or on behalf of any

Chase ABMs by any or all of the Plaintiff's counsel be filed in this Court before Your Honor.[1]

In addition, this Court should issue an order stating that it would consider it a violation of this

Court's prior Orders on conditional certification, briefing, discovery, and transfer of venue for

Plaintiff's counsel to file in another court or before another judge a class or collective action

seeking overtime brought by or on behalf of Chase ABMs.

Rule 41(a)(2) states that claims may be dismissed at plaintiff's request "only by court

order, on terms that the court considers proper."  Rule 41(a)(2) permits terms to be imposed on

either a dismissal with or without prejudice.  *See, e.g., Robertson v. McCloskey*, No. 86–2877,

1988 WL 23255, at *5-6 (D.D.C. Mar. 4, 1988) (granting plaintiff's motion to dismiss with

prejudice as long as he agreed to the condition imposed by the court -- the payment of

defendant's costs); *Colombrito v. Kelly*, 764 F.2d 122, 134-35 (2d Cir. 1985) (noting that an

award of fees as a condition upon dismissal with prejudice "might be one of the appropriate

'terms or conditions' authorized by Rule 41(a)(2), e.g., if a litigant had made a practice of

repeatedly bringing potentially meritorious claims and then dismissing them with prejudice after

inflicting substantial litigation costs on the opposing party and the judicial system.").

Many courts within the Second Circuit and elsewhere have imposed the condition that if

dismissed claims are re-filed, this must occur within the same court, particularly to prevent

plaintiffs from using Rule 41(a)(2) to avoid an unfavorable ruling.  *See, e.g.*, *ACEquip, Ltd. v.*

*Am. Eng'g Corp.*, 219 F.R.D. 44, 46 (D. Conn. 2003) (granting motion for voluntary dismissal

and finding no prejudice to defendant but still imposing the condition that if plaintiff wishes to

resume the case, it must file motion to re-open "with this court (rather than filing a complaint in

---

[1]   The order should cover any of the counsel that appear on the amended complaint previously attempted to be
      filed (Dkt. No. 12 – Outten & Golden, LLP, Law Offices of Karl J. Stoecker, and Beranbaum Menken, LLP),
      including any case in which any of them stand to earn a fee or any other consideration.

some other court)."); *RMD Concessions, LLC v. Westfield Corp.*, 194 F.R.D. 241, 243 (E.D. Va.

2000) (granting motion for voluntary dismissal on the condition that if the case were refiled it

had to be filed in Virginia courts because "plaintiffs may not use Rule 41(a)(2) to avoid or undo

the effect of an unfavorable order or ruling" – here an order transferring the case to the Virginia

court); *Ahler v. City of New York*, No. 93-0056, 1993 WL 362404, at *2 (S.D.N.Y. Sept. 13,

1993) (granting plaintiff's motion to dismiss without prejudice pursuant to Rule 41(a)(2) but

imposing the condition that the action not be re-filed in federal court); *Shappell v. PPL Corp.,*

No. 06-2078, 2007 WL 893910, at *3 (D.N.J. Mar. 21, 2007) (granting motion to dismiss class

action claims but imposing the condition that plaintiffs cannot file a class action claims based on

the same facts in any other court); 8 JAMES WM. MOORE ET AL., *Moore's Federal Practice - Civil*

§ 41.40[10][d][ix] (2014) ("The district court may impose conditions . . . requiring refiling in a

particular forum.").  For example, in *RMD Concessions*, the court stated: "Plaintiff's current

motion . . . may reasonably be construed as an effort to dismiss this case and refile it in yet

another jurisdiction.  If this occurs, plaintiff will have effectively deprived defendants of the

benefit of the court order that transferred the case to this district.  Defendants are plainly entitled

to a condition that protects them from this eventuality." *Id.* at 243.  Although these cases

involved dismissal without prejudice, the request for dismissal with prejudice in this case makes

imposing conditions on the dismissal even more appropriate to ensure that the Plaintiff's claims

are not being sacrificed as part of a plan to shop the collective action allegations to a different

judge while avoiding a determination of the merits in this case.

       Moreover, apart from the Court's broad power to impose conditions under Rule 41(a)(2),

the Court also has the power under the All Writs Act to preclude Plaintiff's counsel from filing

any future Chase ABM collective misclassification action before another court or judge because

it is necessary to preserve the integrity of the Court's prior scheduling Order and Order denying the transfer of venue.  *See, e.g.* 28 U.S.C. § 1651(a) (all courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions"); *Faught v. Am. Home Shield Corp*., 660 F.3d 1289, 1291-92 (11th Cir. 2011) (discussing with approval the district court's judgment under the All Writs Act enjoining the filing of duplicative class claims by plaintiffs, class members *or their counsel* ); *Newby v. Enron Corp*., 302 F.3d 295, 301 (5th Cir. 2002) (holding that the district court had the authority under the All Writs Act to prohibit lawyers properly before it from filing additional vexatious and related litigation in other jurisdictions without permission from the court).

Finally, this Court has the power to enforce compliance with its own orders, and to provide fair warning to Plaintiff's counsel that should they file these same ABM collective action misclassification claims against Chase before another court or judge, this would constitute a violation of the Court's Orders, and Plaintiff's counsel could be sanctioned for any such violation.  *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney . . . who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct."); *Mitchell v. Lyons Prof'l Servs., Inc.,* 708 F.3d 463, 467 (2d Cir. 2013) ("Every district court 'has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant for disobeying the court's orders.'") (internal citations omitted); *S. New England Tel. Co. v. Global Naps, Inc*., 624 F.3d 123, 144 (2d Cir. 2010) ("district courts have the inherent power to find a party in contempt for bad faith conduct violating the court's orders . . . ."); *see also Chopen v. Olive Vine, Inc*., No. 12-2269, 2014 WL 198814, at *2-3 (E.D.N.Y. Jan. 15, 2014) (imposing sanctions after having warned the party that they risked sanctions if they failed to

comply with Court orders).  As noted above, Plaintiff's counsel asked for and received permission to pursue this case as a collective action and file a motion for conditional certification, but then ignored the Court's Order to file the motion on June 10th and the Court's Order for the prompt determination of the merits.  Minute Entry dated 6/6/14.  Plaintiff's counsel sought to transfer this action to another Court, but this Court denied that motion and reaffirmed the Order for the determination of the merits in this case.  Minute Entry dated 6/27/14.  To refuse to abide by the Court's Orders for the pursuit of the collective action and the resolution of the merits of this case so that they can re-file those claims before a different court or judge is a violation of this Court's Orders and a serious abuse of the judicial process.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's request for dismissal as having been made too late in the proceedings, as being prejudicial to Defendants, and as being part of an improper attempt to shop the collective action allegations away from Your Honor while precluding any determination of the merits in this case.

Alternatively, to the extent the Court considers dismissing this action with prejudice, it should hold a hearing to determine if Plaintiff's change in position and request for dismissal is knowing and voluntary and not part of an improper plan, and any dismissal should be conditioned upon agreement by Plaintiff's counsel not to file another overtime class or collective action on behalf of Chase ABMs before another court or judge, and should include a warning that any such filing before another court or judge will be considered a violation of this Court's Orders.

Dated:  September 10, 2014        MORGAN, LEWIS & BOCKIUS LLP
New York, New York

By:    <u>s / *Thomas A. Linthorst*</u>
            Thomas A. Linthorst
            Sam S. Shaulson

            101 Park Avenue
            New York, New York 10178
            Tel: 212-309-6718
            Fax: 212-309-6001
            sshaulson@morganlewis.com

            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Opposition to Plaintiff's Motion to Dismiss was electronically filed with the Court and served via its ECF/CM system, on September 10, 2014, upon the following:

Karl J. Stoecker
Law Offices of Karl J. Stoecker
22 Jericho Turnpike, Suite 100
Mineola, NY 11501

Justin Schwartz
Deirdre Aaron
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY  10016

*Attorneys for Plaintiff*

s/ Thomas A. Linthorst
Thomas A. Linthorst